MARGARET SMITH v. THE STATE.

No. 12822. Delivered February 12, 1930.
Rehearing denied March 19, 1930.
Reported in 25 S. W. (2d) 848.

The opinion states the case.

*Mathis & Caldwell* of Wichita Falls, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor theft; punishment, thirty days in the county jail.

Appellant and her sister went into Kimberlin's store and looked at some hose. According to the State's case, as they started out they veered over to the rack on which were women's dresses. Presently observed, the bulging appearance of the coat on each was noticed. Mrs. Gardner, a clerk, caught hold of the cloak of appellant and lifted it, revealing the presence of a dress here alleged to be stolen by appellant. Appellant's sister ran out of the store. Officers came and took appellant to jail. Her sister was presently arrested and brought back to said store. Here she had a conference with Mr. Kimberlin, the proprietor, relative to which the only two bills of exception in the record, were taken.

Bill of exception No. 1 complains of the refusal of the trial court to allow appellant to prove by Mrs. Gardner that when Mr. Kimberlin,—who seems to have been out of the store at the time of the alleged theft,—came back to the store he took appellant's sister to his office where they conferred for about thirty minutes, and that said sister left the store with Mr. Kimberlin. We confess ourselves entirely unable to appreciate any materiality in this rejected testimony.

Bill of exception No. 2 sets out complaint of the refusal by the court below to allow appellant to prove by witness Kimberlin that when he got back to the store on the occasion in question he found appellant's sister there. After calling the officers, he listened to a plea from her about this being her first offense. When the officers got there Kimberlin asked their opinion about letting her go if she would pay for the dresses,—the one taken by herself and the one taken by appellant,—and the officers said it would be all right. Said sister then gave to Mr. Kimberlin a check for the value of both dresses, and she was allowed to go with the understanding that if the check was good Kimberlin was going to let her go. The check turned out not to be good, and after that complaint was filed. We confess ourselves unable to perceive the materiality of this testimony. None of the authorities cited in appellant's brief appear to bear upon the question. Practically all of them are pertinent only to the proposition that an objection to the materiality or relevancy of testimony is too general to call for action by the trial court. While this is in accord with the general holding, we do not see how it could affect the instant case in which a general objection was made and sustained. This bill of exception is qualified by the court

who states that as a part of the same conversation Kimberlin would have testified that he would have appeared against Margaret Smith, this appellant, if the check had been good, and even though the dress she was supposed to have stolen had been paid for. That he would have delivered the dresses to the girl who paid for them, who was the sister of appellant. It is further set out in said qualification that Kimberlin said he did not see this appellant at all, and let the other girl go because it was her first offense, and on the recommendation of the city officers. It is urged that this testimony might have mitigated the penalty. This appellant was not present, and none of the conversation between Kimberlin and her sister was res gestae, nor was anything said or done having in mind, apparently, the case against this appellant.

Being of opinion that the trial court did not err in the rejection of the testimony, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In her motion appellant has requested a further consideration of bill of exception number two. We have again examined it having in mind appellant's argument regarding the matter therein contained. We have been unable to perceive any ground upon which the excluded evidence would have been properly receivable. Under such circumstances it makes little difference upon what ground the state's objection was based, or whether any ground of objection was stated.

The motion for rehearing is overruled.

*Overruled.*